822 F.2d 56
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Clarence Matthew JONES, Defendant-Appellee.
 No. 86-5622.
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1987.
Decided June 16, 1987.
 
 Before RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Mary Stanley Feinberg, Assistant United States Attorney (David A. Faber, United States Attorney, on brief), for appellant.
 David Martin Finnerin, for appellee.
 PER CURIAM:
 
 
 1
 The government appeals a district court order suppressing evidence obtained in execution of a search warrant that was facially invalid due to a clerical error. We reverse.
 
 
 2
 On April 29, 1985, F.B.I. agent Timothy Eley executed an affidavit and applied to a magistrate for a warrant to search the second floor of a Parkersburg, West Virginia, business belonging to Clarence Matthew Jones. The warrant resulted from an investigation that began sometime after February 22, 1985, when the agent received betting paraphernalia belonging to Jones from Parkersburg City Police. The magistrate issued the warrant at 5:00 p.m. on April 29. Due to a mistake made by the assistant United States attorney who prepared the warrant for the magistrate's signature, the warrant expired the same day it was issued. F.B.I. agents executed the warrant at 11:35 a.m. the following day, April 30.
 
 
 3
 Jones was indicted in April, 1986, on charges of operating an illegal gambling business and using a telephone in interstate commerce to promote gambling, in violation of 18 U.S.C. Secs. 1952 and 1955. He moved that the evidence obtained pursuant to the warrant be suppressed because the warrant violated Fed.R.Crim.P. 41(c).[1]
 
 
 4
 After a hearing, the district court granted the motion to suppress. It found that the clerical error was sufficiently fundamental to require suppression. Although it recognized that it had faced the precise issue two years earlier[2] and had ruled against suppression, the court found that "the two instances of facially invalid warrants being executed [showed] such a case of institutional disregard for Rule 41(c)'s specific directives" that it required punitive action.
 
 
 5
 Jones argues that we should affirm the district court and hold that a facially valid warrant is a fundamental requirement of Rule 41.
 
 
 6
 The government argues that it should not be punished for the clerical error which rendered the warrant facially invalid because the search did not violate the fourth amendment and because the mistake did not prejudice Jones.
 
 
 7
 The purpose of Rule 41 is to carry out the mandate of the fourth amendment. A search and seizure in violation of the rule's provisions may lead to suppression of the evidence obtained. Navarro v. United States, 400 F.2d 315, 318 (5th Cir.1968). But not all violations of Rule 41 invoke the exclusionary rule. In United States v. Wyder, 674 F.2d 224, 226 (4th Cir.1982), this court held that ministerial violations of Rule 41(d) require suppression only if the defendant can demonstrate that he was prejudiced by the violation.
 
 
 8
 Several factors militate against suppression in this case. First, we disagree with the district court that the error was fundamental. A violation is fundamental only if it renders the search unconstitutional under the fourth amendment. United States v. Ritter, 752 F.2d 435, 441 (9th Cir.1985). All of the fourth amendment's required protections were afforded Jones in this case. Probable cause was found by a magistrate upon a careful and detailed affidavit. Probable cause continued to exist at the time agents conducted the search. The warrant described with particularity the place to be searched and the things to be seized.
 
 
 9
 There was no evidence that any officer intentionally disregarded the mandates of Rule 41. In fact, all evidence pointed to careful compliance with the rule absent the clerical error. Furthermore, the search would not have been carried out differently if the date had been correct. Agent Eley testified that he intended to execute the warrant the day after its issuance. Although he read the warrant, he did not notice the error and believed that he had 10 days within which to execute it as allowed by the rule. Finally, no prejudice occurred to the defendant in having the search executed 18 hours after the warrant was issued. Under these circumstances, the mistake in the warrant does not invalidate the search. See United States v. Burke, 517 F.2d 377, 386-87 (2d Cir.1975). Because the search was not invalid, the evidence need not be suppressed. Wyder, 674 F.2d at 226.
 
 
 10
 Reversed and remanded.
 
 
 
 [1]
 Rule 41(c)(1) provides in part: "[The warrant] shall command the officer to search, within a specified period of time not to exceed 10 days, the person or place named for the property or person specified."
 
 
 [2]
 See In re Motion to Quash Grand Jury Subpoenas, 593 F.Supp. 184 (S.D.W.Va.1984)